

# PAVAN PARIKH
# HAMILTON COUNTY CLERK OF COURTS

## COMMON PLEAS DIVISION

```
ELECTRONICALLY FILED
May 15, 2023 09:59 PM
     PAVAN PARIKH
   Clerk of Courts
 Hamilton County, Ohio
 CONFIRMATION 1321095
```

**VENITA A LATTIMORE**               **A 2302053**

      **vs.**

**KELLY A BENNETT**

## FILING TYPE: INITIAL FILING (IN COUNTY) WITH NO JURY DEMAND

## PAGES FILED: 5

EFR200

*Arthur W. Harmon, Jr., Esq.  (#0022221)*
*Trial Attorney for Plaintiff Venita Lattimore*

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO
## CIVIL DIVISION

| | | |
|---|---|---|
| **VENITA A. LATTIMORE** | : | CASE NO.: |
| 107 Forest Avenue | : | |
| Cincinnati, Ohio 45220 | : | JUDGE: |
|      **Plaintiff** | : | |
| | : | **COMPLAINT FOR** |
| | : | **PERSONAL INJURY** |
| vs. | : | |
| | : | |
| **KELLY A. BENNETT** | : | |
| 4207 Verne Avenue  Apt. 3 | : | |
| Cincinnati, Ohio 45209 | : | |
| | : | |
| and | : | |
| | : | |
| **SEAN RUGLESS** | : | |
| 10083 Thoroughbred Ln. | : | |
| Cincinnati, Ohio 45231 | : |
| | : | |
| And | : | |
| | : | |
| **OHIO DEPARTMENT OF JOB AND** | : | |
| **FAMILY SERVICES** | : | |
| c/o Robert Byrne | : | |
| Assistant Attorney General | : | |
| 30 E. Broad Street 14th Floor | : | |
| Columbus, Ohio 43215 | : | |
| and | : | |
| | : | |
| **SECRETARY OF THE DEPARTMENT** | : | |
| **OF HUMAN SERVICES** | : | |
| **ADMINISTRATOR OF THE** | : | |
| **MEDICARE COORDINATION OF** | : | |
| **BENEFITS** | : | |
| c/o Kenneth Parker, Esq. | : | |
| United States Attorney | : | |
| Southern District of Ohio | : | |
| 303 Marconi Boulevard, Suite 200 | : | |
| Columbus, OH 43215 | : | |
| | : | |
|      **Defendants** | : | |

1

*Arthur W. Harmon, Jr., Esq. (#0022221)*
*Trial Attorney for Plaintiff Venita Lattimore*

## PARTIES

Now comes Plaintiff, **Venita A. Lattimore**, by and through counsel, and for her complaint, avers as follows:

1. At all times relevant to this matter the Plaintiff, Venita A. Lattimore [hereinafter referred to as '**Plaintiff**'], was an adult resident of Hamilton County, Ohio, and the operator of a 2014 Nissan.

2. At all times relevant to this matter the Defendant, **Kelly A. Bennett**, was an adult resident of Hamilton County, Ohio, and the owner and operator of a 2009 Toyota Camry.

3. At all times relevant to this matter Defendant Sean Rugless was an adult resident of Hamilton County, Ohio and the operator of a 2020 Range Rover, Evoqua owned by Neyra Motor Cars, LLC.

## FACTS

4. The allegations set forth in paragraphs one through two (2) are incorporated herein as if fully rewritten.

5. On or about May 28, 2021, the Plaintiff was operating her vehicle westbound on Edwards Road in the curb lane within Hamilton County, Ohio.

6. At the same time and place Defendant Kelly A. Bennett was operating his vehicle east bound on Edwards Road in the center land within Hamilton County, Ohio, and in an attempt to make a left turn into private property negligently crossed over into the lane traveled by the Rugless vehicle striking said vehicle. Defendant Rugless then struck Plaintiff's vehicle caused either by the negligent operation of Defendant Bennet and/or by Defendant Rugless negligently failing to maintain control of his vehicle thereby striking Plaintiff's vehicle which was also traveling westbound on Edwards Road in front of the the Rugless vehicle resulting in property damage to the Plaintiff's vehicle and causing severe injuries and pain and suffering to Plaintiff which are feared to be permanent, but which will continue indefinitely into the future.

## COUNT 1

2

*Arthur W. Harmon, Jr., Esq.  (#0022221)*
*Trial Attorney for Plaintiff Venita Lattimore*

7.  Plaintiff incorporates by reference all statements and allegations set forth in Paragraphs 1 through 6 inclusive above as if fully rewritten herein.

**8.**  As a direct and proximate result of the negligence of the Defendant the Plaintiff has suffered physical injuries and pain and suffering, including both physical and emotional injuries, and continues to suffer from said injuries and the resultant pain as a result of the accident.  Additionally, the Plaintiff has incurred medical expenses and has lost wages, and, in addition, the Plaintiffs' vehicle was damaged resulting in expenses for repair in an amount to be determined at trial.

## COUNT 2

9.  Plaintiff incorporates by reference all statements and allegations set forth in Paragraphs 1 through 8 inclusive above as if fully rewritten herein.

10. Upon information and belief, the Plaintiff, may have had medical assistance with or received payments from The Defendant Ohio Department of Jobs and Family Services ("ODJFS") for care and treatment rendered due to injuries sustained in the above captioned accident.

11. Defendant ODJFS is or may be subrogated to a portion of the Plaintiff's claim against the Defendant and should be required to assert its interests or otherwise be forever barred from doing so against any party hereto. Defendant ODJFS may claim to have first priority over any funds paid to Plaintiff by or on behalf of Defendant.

12. Plaintiff states that ODJFS has or may have an interest in this claim and should assert its right of subrogation at this time or be forever barred from doing so.

13. Alternatively, Plaintiff claims that the statutory provision providing subrogation or reimbursement rights to Defendant ODJFS is unconstitutional, and as such, Defendant ODJFS has no subrogation or reimbursement rights in this case.

14. Plaintiff further alleges that in the event R.C. §§5101.58is found or held to be applicable to this case and is held or found to be constitutional, then Defendant ODJFS is a necessary party to this action and should be required to come

3

*Arthur W. Harmon, Jr., Esq. (#0022221)*
*Trial Attorney for Plaintiff Venita Lattimore*

forward to assert any claims which it has or claims to possess or be forever barred from seeking subrogation or reimbursement for any of the benefits paid.

## COUNT 3

15. Plaintiff incorporates by reference all statements and allegations set forth in Paragraphs 1 through 14 inclusive above as if fully rewritten herein.

16. Upon information and belief, the Plaintiff, may have had medical assistance with or received payments from The Defendant Secretary of the United States Department of Human Services Administrator of Medicare Coordination of Benefits [hereinafter referred to as '**Medicare'**] for care and treatment rendered due to injuries sustained in the above captioned accident.

17. Defendant Medicare is or may be subrogated to a portion of the Plaintiff's claim against Defendant Bennett and should be required to assert its interests or otherwise be forever barred from doing so against any party hereto. Defendant Medicare may claim to have first priority over any funds paid to Plaintiff by or on behalf of Defendant Bennett.

18. Plaintiff states that Medicare has or may have an interest in this claim and should assert its right of subrogation at this time or be forever barred from doing so.

**Wherefore Plaintiff prays for:**

1. **Judgment against the Defendant Garry in an amount in excess of $25,000.00;**
2. **Compensatory damages, including lost wages;**
3. **Damages for pain and suffering, past, present, and future;**
4. **Punitive or exemplary damages;**
5. **Property Damage to the Plaintiff's vehicle;**
6. **Costs, Interest, including but not limited to Pre and Post Judgment interest, and any and all relief the Court deems just and equitable.**

**Respectfully submitted,**
/s/Arthur W. Harmon, Jr.

Arthur W. Harmon, Jr., Esq.  #0022221
8044 Montgomery Avenue, Suite 700

4

*Arthur W. Harmon, Jr., Esq.  (#0022221)*
*Trial Attorney for Plaintiff Venita Lattimore*

Cincinnati, Ohio 45236
Telephone:  513-793-1991
Facsimile:  513-793-1991
Email:  arthur.harmon@harmonattorneys.com
*Trial Attorney for Plaintiff*

**DIRECTIONS TO CLERK OF COURT:**
**PLEASE SERVE THE NAMED DEFENDANTS BY UNITED STATES CERTIFIED MAIL.**

5